DECISION AND JOURNAL ENTRY
Appellant, Andy A. Yousif, Sr., appeals the decision of the Lorain County Domestic Relations Court to return his child to appellee without a hearing on his motion which alleged that his child was being abused. This Court reverses.
In 1995, the parties divorced. Pursuant to a 1997 Shared Parenting Plan, the parties' minor child, Timothy James Yousif, was residing with appellee. On February 17, 2000, appellant filed a motion for temporary custody alleging that Timothy was living in a hostile environment. Appellant's motion indicated that he had contacted the Huron County Children's Services and Sheriff's Department.
That same day, the trial court addressed the parties on the record, and journalized an entry granting appellant temporary custody, terming the custody "extended visitation." The order called for both the Huron County Department of Human Services and the Sheriff's Department to submit their investigative reports to the court, and ordered that a hearing be held upon receipt of those reports.
The matter was scheduled for a hearing on February 29, 2000. However, the court refused to hold a hearing. Instead, the court conducted an incamera interview of Timothy, reviewed the investigative reports, and journalized an entry denying appellant's motion and ordering appellant to return Timothy to appellee.
Appellant has timely appealed, asserting one assignment of error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION OF CUSTODY AND DENYING APPELLANT A HEARING AND DUE PROCESS OF LAW WHERE APPELLANT HAD SUFFICIENT EVIDENCE TO ESTABLISH THAT THE RESIDENCE WHERE THE MINOR CHILD RESIDED IS A HOSTILE AND A VIOLENT ENVIRONMENT FOR THE MINOR CHILD TO BE IN.
In his sole assignment of error, appellant asserts that the trial court erred in refusing to hold a hearing on appellant's motion which alleged that his minor child was living in an abusive environment. This Court agrees.
On February 17, 2000, appellant filed a motion pro se entitled "Motion for Temporary Custody of Minor Child." In his motion, appellant requested temporary custody of Timothy on the basis that appellant believed that Timothy was "living in a very hostile environment which include[d], swearing, threats and violence[.]" Appellant alleged that, due to the hostile environment, Timothy was "not able to sleep at night because of fear[,] and [that Timothy] threatens to run away if forced to return home." Appellant further stated that he reported the matter to the Huron County Sheriff's Department and to Children's Services, and that he requested temporary custody until such time that both agencies had completed their investigations.
That same day, the trial court held a hearing on the matter. In addressing appellant, the court stated that "you filed a motion that I believe that you intended to be an Emergency Order, but that is not what you filed. You filed a Motion for Temporary Custody, seeking custody, until such time as an investigation can be completed by the Sheriff's Department and Children Services[.]" The court acknowledged that appellant's "affidavit sets forth issues that put [his] son in fear." The court stated that if it found "that the child is at risk," appellant could then file for a civil protection order. The court detailed how the case would proceed in the event that a civil protection order was filed. The court suggested that a settlement be reached between the parties pending the outcome of the investigations:
 I believe there is another resolution, shy of the things that I have outlined, that I am hoping would meet the needs of both parents in this case.
 It's my understanding of the motion and attached affidavit is that Timothy is in residence with [appellant] because of the incident on February 7th, and visiting a school in [appellant]'s community, and custody of Timothy still lies with mother.
* * *
 To avoid the need to pursue or request a Protection Order in another county, but to get to the heart of the allegations and resolve them one way or another, I would like to see a couple things, the results of any investigations that have been conducted by the Huron County Sheriff's Department, if they initiated one or if they chose not to, I would like to know that. And it's indicated that Huron County Children Services has been notified of them, and they too commenced an investigation. I would be interested in knowing whether or not their investigation has resulted in any finding.
* * *
 A suggestion, and not a court order, is that the parties reach an agreement today that would permit the child for a short period of time to be involved in an extended visit with [appellant] until such time as I can be provided with the information that I identified from the two independent Agencies involved, and further, until I have had an opportunity to speak with Timothy concerning the contents of the affidavit.
 Despite the court's acknowledgment that the pro se motion appellant filed was a complaint for abuse, the court continually referred to and treated the motion as a post divorce decree motion that simply requested a change of custody. Appellee's attorney requested:
 [W]e would ask that the motion which has not been characterized of an ex-parte [sic], but I would agree with the Court that it has the nature of ex-parte [sic] motion of emergency, and I would ask at this point that the Court require [appellant] show there is an emergency and not grant his motion, and have it set for temporary orders.
The court's response was that:
 [t]here is no such feature in a post decree, and there is no question, but that from the pure logistics perspective of that, and that I can dismiss the motion on the basis of the remedy sought cannot be granted, and part of my reason for being hesitant to do that is to serve the interests of both parties.
 Finally on that day, February 17, 2000, the trial court journalized an entry that stated that the parties agree the appellant shall have extended visitation with Timothy pending further order of the court, and that:
 [t]he Huron County Department of Human Services and Sheriff's Department shall report to the court the status of the investigation by each agency with regard to allegations concerning possible abuse of Timothy Yousif no later than February 24, 2000 at 12:00 p.m. Case set for further hearing before the Judge upon receipt of both reports and no later than February 29, 2000 at 1:30 p.m. If hearing can be scheduled sooner than the above date, both parties shall be notified and given adequate prior notice.
 * * * In camera [sic] interview to be conducted; child to be brought to court by Father.
 The reports were never filed with the court, but were apparently given to the trial court. The matter was scheduled for a hearing on February 29, 2000. On that day, however, the trial court refused to permit appellant to present any evidence to support his allegations that his son's physical and emotional well-being were in jeopardy. Instead, the court summarily resolved the matter by journalizing an entry which states:
 In camera [sic] interview of minor child, Timothy, held 2-29-00. Investigative reports from Huron County Sheriff's Office and Huron County Human Services received and reviewed. It is hereby ordered that [appellant's] motion for Temporary Custody is denied. It is further ordered that the minor child, Timothy, be returned to [appellee.]
 Appellant's contention on appeal is that the trial court committed reversible error when it "refused to meet with appellant, refused to hold a hearing to give the appellant the opportunity to present his case, and refused to give him the reasons for the judgment." We agree.
It is of grave concern to this Court that the court below treated the child abuse allegations as a disagreement between the parties, as a post decree motion for a change of custody. It is clear that although the court conducted an in camera interview of the child, the summary proceedings failed to adequately take the child's well-being into consideration.
Due process of law involves the essential rights of notice, hearing and the opportunity to be heard before a competent tribunal. State v.Edwards (1952), 157 Ohio St. 175, cert. denied (1952) 343 U.S. 936. "Due course of law" as guaranteed by Section 16, Article I of the Ohio Constitution is virtually the same as the "due process" clause of theFourteenth Amendment, United States Constitution. In re Hua (1980),62 Ohio St.2d 227. Given that the trial court converted the child abuse allegations into a battle between the parties, it was absolutely essential that appellant be permitted the opportunity to present evidence to ensure that the court would be able to make a fully informed decision concerning his child's welfare.
This Court is particularly troubled by the fact that the lower court decided that the child abuse allegations were unfounded and that no further investigation was required based on a review of the investigative reports. The investigative reports[1] reveal that problems do exist in appellee's home, and that appellee reported that she lost custody of her oldest son based on similar charges brought by appellant. It is undisputed that appellee's current husband lost his temper and told Timothy that he "would kick [Timothy's] fucking ass." Most importantly, the reports indicate that both agencies decided not to pursue their investigations because they believed that the trial court was handling the matter. In fact, one agency decided not to investigate the matter even before appellant had filed his complaint. Notes from February 16, 2000, state that: "At this time worker is advising that if the matter is to be heard in Lorain County, then we could possibly close our case with Children Services[.]" The final section of the report reads:
 CASE RESOLUTION: At this time it is in this social worker's opinion that the Youslif [sic] children Timothy and Brittany Youslif are at no risk for physical abuse in that home due to the fact and findings that Mr. Thacker is not allowed to physically discipline the two children. This does not suggest that he is not capable of hurting the children, only that the children's mother, Mrs. Wendy Thacker is willing and able to protect her children. It is also in this worker's opinion that Timothy Youslif is at risk for emotional maltreatment if he is being threatened by the step father and if this type of language continues to be used towards the child. At this time Randy Sommers will interview the alleged perpetrator, Ronald Thacker at the Huron County Sheriff's Dept. for further interviews. At this time no further information. Case will be closed and referred to Lorain County Domestic Relations Division for further hearing.
 (Emphasis added.) It is clear that the agencies did not complete their investigations because they too believed that the trial court would conduct further hearings.
This Court is cognizant of the fact that the parties have appeared before the lower court on many occasions relating to their divorce and custody of their children, and that dealing with such matters can become tiresome. However, the complaint filed was not simply another post decree motion — the complaint alleged that a child's well-being was in jeopardy.
Appellant's sole assignment of error is sustained. The judgment of the common pleas court is reversed. The matter is remanded to the trial court for a hearing on appellant's motion.[2] Status quo of custody shall be maintained pending the outcome of the trial court's decision, meaning appellant shall have "extended visitation" with Timothy while the matter remains undecided.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, J. CONCURS IN JUDGMENT ONLY
[1] Both parties attached copies of the reports to their appellate briefs. However, because the reports were not filed as part of the record, this Court has not relied upon them in reaching our decision.
[2] This Court does not suggest that a hearing on appellant's motion is appellant's sole redress — this Court's decision does not preclude appellant from filing a complaint for abuse with the appropriate children service's board, or from taking any other appropriate action.